

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 11, 2014

**BY ECF**
Hon. John G. Koeltl
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Narco Freedom, Inc.*, 14 Civ. 8593 (JGK)

Dear Judge Koeltl:

    We write respectfully on behalf of the United States (the "Government") in the above-referenced action, to respond to the letter submitted yesterday by defendant Narco Freedom, Inc. ("Narco Freedom" or "defendant") requesting an adjournment of the current briefing and hearing schedule on the Government's motion for a preliminary injunction ("PI motion"). In brief, discovery in connection with the Government's motion is neither necessary nor warranted, and we ask that the Court maintain the current schedule for that motion as planned. Further, Narco Freedom has failed to comply with an essential component of the temporary restraining order ("TRO"), warranting both immediate relief to compel compliance and the denial of defendant's request for an adjournment. Additionally, the Government is prepared to address, in the context of its preliminary injunction motion, Narco Freedom's threat to close its three-quarter houses "immediately" if the Government's requested relief is granted – which is effectively a threat to endanger the well-being of Narco Freedom's residents unless the Government, and/or the Court, allows the fraud to continue.[1]

    After representing to the Court last week that it would seek to enter into a preliminary injunction on consent, Narco Freedom has, as of yesterday, refused to agree to the core principle of the injunction, namely that it end the requirement that all residents of its "Freedom House" three-quarter houses attend one of Narco Freedom's outpatient programs as a condition of residence, rather than being allowed to attend the outpatient program of their choice. Instead, Narco Freedom is asking the Court for an adjournment of the briefing schedule for the Government's PI motion and the opportunity to take discovery, the nature of which is

---

[1] Narco Freedom's rhetorical attempt to broaden the Government's efforts to include "tens of thousands" of residents in homes not run by Narco Freedom is simply inaccurate. This case implicates only Narco Freedom's policy and practice of conditioning residence upon participation in its outpatient programs, as opposed to allowing residents to attend an outpatient program of their choice. Similarly, Narco Freedom's statement in its letter that this is "admittedly a test case" is false – the Government has made no such assertion.

unspecified. The Court should deny both requests in light of the express directive of 18 U.S.C. § 1345, which states that the Court "shall proceed as soon as practicable to the hearing and determination of such an action." In order to obtain relief under section 1345, the Government's burden consists of showing reasonable grounds to believe that the fraud is ongoing and will continue without an injunction. *See United States v. All Right, Title & Interest in Real Property etc.*, 901 F.2d 288, 291 (2d Cir. 1990) (in order to satisfy the provisions of § 1345, the Government need only establish "reasonable grounds, rising above mere suspicion," that fraud will continue absent the injunction). Narco Freedom has set forth no reason why discovery is necessary to the Court's determination as to whether it has engaged, and continues to engage, in fraud.

Further, Narco Freedom's failure to comply with the TRO both mandates immediate action by the Court to compel Narco Freedom to comply and shows that any further delay may result in harm to patients in the Narco Freedom housing. Contrary to the assertions in its letter, Narco Freedom is not in compliance with paragraph 3 of the TRO, as it has failed to provide the Government with the contact information for any recently departed Freedom House residents. Narco Freedom's failure to provide this information undermines the Government's purpose in requesting it, namely to verify whether Narco Freedom is complying with paragraph 1 of the TRO. Accordingly, defendant's "consent" to the continuation of the TRO is meaningless. Further, even if defendant were in compliance, the TRO does not stop the fraud. Among other things, the TRO does not prohibit Narco Freedom from enforcing its current policy with respect to incoming residents who are not already enrolled in a program. In short, it does not stop the substantial majority of the fraudulent kickback scheme.

Narco Freedom's letter also asserts that the cessation of its fraudulent policy and practice will cause it to close its three-quarter houses "immediately." The Government is extremely troubled by this threat, as it appears unsubstantiated by any actual financial evidence and demonstrates Narco Freedom's willingness to harm its residents unless it is allowed to continue reaping the financial gain from its fraudulent scheme. The Government also wishes to notify the Court that both the Office of the New York State Attorney General (the "AG") and the New York State Office of Alcohol and Substance Abuse Services are engaged in ongoing efforts to implement a receiver, and/or a temporary operator, at Narco Freedom to run its programs, in light of serious concerns regarding the entity's ability to manage its own affairs, as well as the recent inappropriate dissolution of substantial corporate assets that has been authorized by Narco Freedom's officers and approved by its board of directors.

The Government is prepared to address Narco Freedom's threat regarding closing its Freedom Houses through a revised proposed preliminary injunction order that 1) enjoins the threatened "immediate" closure of all Freedom Houses; 2) directs that closure of any Freedom House take place in an orderly fashion, with ample safeguards to protect the residents and utilizing all available resources to relocate displaced residents; and/or 3) appoints a receiver to manage the Freedom Houses and the funds that Narco Freedom uses to operate those facilities. The Court would be well within its authority in implementing such relief pursuant to 18 U.S.C. § 1345(b), which vests the Court with broad powers to take any action that is warranted to prevent a continuing and substantial injury to "any person or class of persons for whose

protection the action is brought," which, in this instance, certainly includes the Freedom House residents. *See U.S. v. Petters*, No. 08-5348 ADM/JSM, 2011 WL 281031, at \*10 (D. Minn. Jan. 24, 2011) (holding, in the § 1345 context, that a court has "broad powers and wide discretion to determine relief in an equity receivership").

We ask that this matter proceed as planned, so that the Court may address the Government's request for preliminary injunctive relief to end Narco Freedom's ongoing fraud, and so that the Court may address, as soon as possible, Narco Freedom's threatened closure of its Freedom Houses. We thank the Court for its consideration of these issues.

    Respectfully submitted,

    PREET BHARARA  
    United States Attorney for the  
    Southern District of New York

By:   s/ Cristine Irvin Phillips  
    KIRTI V. REDDY  
    CRISTINE IRVIN PHILLIPS  
    Assistant United States Attorneys  
    86 Chambers Street  
    New York, New York 10007  
    Tel.: (212) 637-2751/2696  
    Fax: (212) 637-2702  
    E-mail: kirti.reddy@usdoj.gov  
          cristine.phillips@usdoj.gov

cc (by e-mail):   Jerry Solomon, Esq.  
               Linda Clark, Esq.  
               Joseph Murphy, Esq.  
               *Counsel for Narco Freedom, Inc.*