UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA**,

      *Plaintiff*,

-*vs*-

**NARCO FREEDOM, INC.**,

      *Defendant.*

**ANSWER WITH AFFIRMATIVE DEFENSES**

Civil Action No.
14-cv-8593-JGK

Defendant, Narco Freedom, Inc. ("Defendant" or "Narco Freedom"), by its attorneys, Hiscock & Barclay, LLP, as and for its Answer to the Complaint by Plaintiff, United States of America, alleges and asserts affirmative defenses as follows:

## INTRODUCTION[1]

1. Defendant denies the allegations set forth in Paragraph 1 of the Complaint, except admits that it is a not-for-profit corporation and states that the first sentence of Paragraph 1 of the Complaint contains Plaintiff's prayer for relief, to which no response is required; insofar as a response is deemed necessary, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint, except admits that it operates residences sometimes referred to as "three-quarter houses," which Narco Freedom refers to as "Freedom Houses."

---

[1] For ease of reference only, Defendant has reproduced the major point headings Plaintiff used in its Complaint. To the extent the headings Plaintiff used contain any allegations or characterizations, Defendant denies the truth of those allegations or characterizations

3. Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. The allegations set forth in Paragraph 5 of the Complaint contain legal conclusions to which no response is required.

6. The allegations set forth in Paragraph 6 of the Complaint contain legal conclusions to which no response is required.

## THE PARTIES

7. Plaintiff admits the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint, except admits that it is a not-for-profit corporation; it provides outpatient programs at locations in Brooklyn, Queens and the Bronx; it also operates three-quarter houses, referred to as "Freedom Houses;" and Alan Brand ("Brand") until approximately July 2014 was the Chief Executive Officer of Narco Freedom.

## STATUTORY FRAMEWORK

9. The allegations set forth in Paragraph 9 of the Complaint refer to a statute, which speaks for itself, and no response is required.

10. The allegations set forth in Paragraph 10 of the Complaint refer to a statute, which speaks for itself, and no response is required.

11. The allegations set forth in Paragraph 11 of the Complaint refer to a statute, which speaks for itself, and no response is required.

12. The allegations set forth in Paragraph 12 of the Complaint refer to a statute, which speaks for itself, and no response is required.

# FACTS

### A. Narco Freedom's Outpatient Programs

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint, except admits that it operates outpatient programs at locations in Brooklyn, Queens, and the Bronx.

14. Defendant admits the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant admits the allegations set forth in Paragraph 15 of the Complaint.

16. Defendant admits the allegations set forth in Paragraph 16 of the Complaint.

### B. The Freedom Houses

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint, except admits that Defendant currently operates 16 Freedom Houses, in the Bronx, Brooklyn, and Queens.

19. Defendant admits the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant admits the allegations set forth in Paragraph 20 of the Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint, except admits that the Freedom Houses are not regulated by OASAS.

22. Defendant admits the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant admits the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

**C.     The Freedom House Kickback Scheme**

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant admits the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 31 of the Complaint, except admits that it opened 21 Freedom Houses in New York City from 2006 to 2013 and that it currently operates 16 Freedom Houses in New York City.

35. Defendant admits the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

**D.     Marketing and "Filling" of the Freedom Houses Pursuant to the Scheme**

37. Defendant denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant admits the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint, except state that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "Individuals seeking housing also hear about the Freedom Houses through word-of-mouth and initiate calls to Narco Freedom."

**E.  Operation of the Freedom Houses Pursuant to the Scheme**

46. Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48. The allegations set forth in Paragraph 48 of the Complaint are legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint, except admits that once an individual arrives at a Freedom House, he or she is required to sign a series of forms that waive certain of the individual's rights, and these forms include a "Waiver of Tenants Rights."

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant admits the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant admits the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint, except admits that Freedom House staff members monitor the residents' attendance at the Narco Freedom outpatient programs.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint, except admits that at or around the time that Narco Freedom established the Freedom Houses, the residents were required to collect a slip of paper, referred to by the Freedom House staff as a "re-entry pass," from the outpatient program, and deliver it to the Freedom House staff upon returning to the Freedom House.

60. Defendant denies the allegations set forth in Paragraph 60 of the Complaint, except admits that the use of re-entry passes was discontinued.

61. Defendant denies the allegations set forth in Paragraph 61 of the Complaint, except admits that before he stepped down as C.E.O. of Narco Freedom, Alan Brand received a roster of the Freedom House residents and a weekly report showing the number of outpatient program services those residents attended.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of the Complaint, except admits that Medicaid reimbursements are not reduced after 75 services for individuals enrolled in a methadone outpatient program and that reimbursement rates for methadone outpatient programs are generally lower than for drug-free outpatient programs.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

**F.     Narco Freedom's Financial Gain From the Scheme**

71. Defendant denies the allegations set forth in Paragraph 70 of the Complaint, except admits that the only source of direct income that it obtains from the Freedom Houses is the $215 monthly housing allowance provided by HRA for each resident and that Narco Freedom receives Medicaid funds for the outpatient program services attended by the Freedom House residents.

72. Defendant denies the allegations set forth in Paragraph 72 of the Complaint

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of the Complaint.

**G.     Other Kickback Schemes Perpetrated by Narco Freedom**

74. Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75. Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76. Defendant denies the allegations set forth in Paragraph 76 of the Complaint, except admits that Narco Freedom would contact the three-quarter house operators to report residents who were not attending their outpatient program services.

77. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of the Complaint, except admits that it ended its agreements with the independent three-quarter house operators in late 2011.

**H.  The Ongoing Nature of Narco Freedom's Kickback Scheme**

78. Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

79. Defendant admits the allegations set forth in Paragraph 79 of the Complaint.

80. Defendant denies the allegations set forth in Paragraph 80 of the Complaint, except admits that the Government has requested that Narco Freedom cease what the Government deems to be an illegal kickback scheme, and Narco Freedom has entered into an order on consent entered on October 29, 2014 relating to the operation of the Freedom Houses.

81. Defendant denies the allegations set forth in Paragraph 81 of the Complaint.

**CLAIM FOR INJUNCTIVE RELIEF UNDER 18 U.S.C. § 1345**

82. Defendant incorporates by reference its responses to Paragraphs 1 through 81 as if more fully set forth herein.

83. Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84. Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

85. The allegations set forth in Paragraph 85 of the Complaint are legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

86. Defendant denies the allegations set forth in Paragraph 86 of the Complaint.

87. Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88. Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

89. Defendant admits the allegations set forth in Paragraph 89 of the Complaint.

90. Defendant denies the allegations set forth in Paragraph 90 of the Complaint, except admits that the Government has requested that Narco Freedom cease what the Government deems to be an illegal kickback scheme, and Narco Freedom has entered into an order on consent entered on October 29, 2014 relating to the operation of the Freedom Houses.

91. Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

92. Defendant denies the allegations set forth in Paragraph 92 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses and reserves the right to amend this answer to assert any additional affirmative defenses when and if, in the course of its investigation, discovery, or preparation for trial it becomes appropriate to assert such affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof for any issue that would otherwise rest on the Plaintiff

## FIRST AFFIRMATIVE DEFENSE

93. The Complaint fails to state a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

94. Plaintiff has failed to join indispensable parties to achieve a just adjudication of this lawsuit.

## THIRD AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

96. Defendant's alleged conduct falls within one or more of the anti-kickback statute's statutory exceptions and/or regulatory safe harbors.

### FIFTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred in whole or in part by the doctrine of laches..

### SEVENTH AFFIRMATIVE DEFENSE

99. Plaintiff's requested relief is a an improper attempt to exercise federal regulation in an area that has been traditionally regulated by the states.

### SEVENTH AFFIRMATIVE DEFENSE

100. The Court lacks subject matter jurisdiction over the instant action.

### JURY DEMAND

101. Defendant demands a trial by jury on all issues so triable.

### DEMAND FOR RELIEF

**WHEREFORE,** Defendant demands a Judgment of this Court in its favor against Plaintiff as follows:

(a) Entering a judgment for Defendant dismissing all Counts of the Complaint;

(b) Awarding Defendant its costs and disbursements, and

(c) Granting Defendant such other relief as is just and proper.

| | | |
|---|---|---|
| **DATED:** | December 9, 2014 | **HISCOCK & BARCLAY, LLP** |

By: _____*/s Linda J. Clark*_____
              Linda J. Clark

*Attorneys for Defendant*
Narco Freedom, Inc.
Office and Post Office Address
80 State Street
Albany, New York  12207
Telephone: (518) 429-4241
Facsimile:  (315) 427-3498
E-mail:  lclark@hblaw.com