UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/11/15

---

UNITED STATES OF AMERICA,

                Plaintiff,

- against –

NARCO FREEDOM, INC.,

                Defendant.

14 Cv. 8593 (JGK)

ORDER GRANTING MOTION
FOR APPROVAL OF TRANSITION
PLAN FOR NARCO'S CLINICS, HASA
HOUSES AND FREEDOM HOUSES

---

JOHN G. KOELTL, District Judge:

    WHEREAS, on August 24, 2015, the Temporary Receiver for Narco Freedom, Inc. ("Narco") filed the Motion of the Temporary Receiver for Authorization to Implement Transition Plan for Narco's Clinical and Housing Operations and Related Relief (the "Transition Motion") [Doc. No. 238]; and

    WHEREAS, on August 31, 2015, Affidavits of Service for the Transition Motion and related Notice of Motion were filed evidencing service of the Transition Motion and Notice of Motion on all interested parties [Doc. Nos. 241 and 242]; and

    WHEREAS, on September 4, 2015, the Temporary Receiver filed as Exhibits A and B to the Motion respectively the (i) Omnibus Program Termination Agreement with Samaritan Village, Inc. (the "Samaritan Termination Agreement") and (ii) Omnibus Program Termination

1

Agreement with Acacia Network (the "Acacia Termination Agreement" and collectively with the Samaritan Termination Agreement, the "Termination Agreements")[1] [Doc. No. 244]; and

WHEREAS, upon review of all papers submitted, the entire record in this case and following a hearing held before the Court on September 11, 2015, the Court has concluded that the relief sought by the Temporary Receiver in the Transition Motion is necessary, appropriate and in the best interests of Narco.

**NOW THEREFORE IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  The Temporary Receiver has articulated good, sufficient and prudent business reasons for the implementation of the proposed Transition Plan and the execution and delivery of all related documents, including the Termination Agreements; the approval of the Transition Plan and Transition Motion is thus in the best interests of Narco.

B.  The terms and provisions of the Samaritan Termination Agreement were negotiated in good faith, without collusion and from arm's length bargaining positions.

C.  The terms and provisions of the Acacia Termination Agreement were negotiated in good faith, without collusion and from arm's length bargaining positions.

D.  Proper, timely and adequate notice of the Transition Motion has been provided, including the relief requested therein, and the related transactions, and a reasonable opportunity has been afforded to object or be heard with respect to the Motion.

Therefore, it is **ORDERED THAT**:

1.  Upon good cause having been shown, the Transition Motion is GRANTED as set forth herein.

---

[1] Capitalized terms used herein, and not defined herein, shall have the meanings ascribed to them in the Termination Agreements.

2

2. The Temporary Receiver is authorized to enter into the Samaritan Termination Agreement with Samaritan Village, Inc. ("Samaritan") substantially in the form filed on the docket as Exhibit A to the Motion [Doc. No. 244] and the terms and provisions of the Samaritan Termination Agreement are hereby approved in their entirety.

3. The Temporary Receiver is authorized to enter into the Acacia Termination Agreement with Acacia Network ("Acacia" and collectively with Samaritan, the "Providers"), substantially in the form filed on the docket as Exhibit B to the Motion [Doc. No. 244] and the terms and provisions of the Acacia Termination Agreement are hereby approved in their entirety.

4. The Temporary Receiver is further authorized to take such actions as she deems necessary and appropriate to implement and effectuate the Transition Plan and the Termination Agreements including without limitation, surrendering and/or consenting to the termination of any of Narco's Program Contracts, Program Service Agreements and Operating Certificates issued by the applicable government agencies, including DOH, OMH and OASAS, pursuant to which Narco operated or administered its Clinical Programs and Housing Programs, and executing and delivering any such other documents and instruments as reasonably may be necessary and required in connection with the Transition Plan and the Termination Agreements.

5. The Temporary Receiver is authorized to sell and deliver all and/or a portion of Narco's personal property to Samaritan and/or Acacia (or their respective affiliates) including without limitation, any methadone and other inventory on hand on the Effective Date and any furniture, fixtures and equipment. The terms of any such sale and the Personal Property Purchase Price shall be subject to further Order of this Court.

6. The Temporary Receiver is authorized to enter into a triple net lease agreement (the "Lease") with Samaritan for the real property located at 2640 Third Avenue, Bronx, New York (the "Owned Property") at a monthly rent payment to Narco of $30,000 from the Effective Date through November 30, 2015, or such later date as mutually agreed upon by the Temporary Receiver and Samaritan, in writing. During the term of the Lease, Samaritan shall be directly responsible for the payment and/or performance of all lease obligations, including utilities, insurance premiums, maintenance and repairs as therein contained.

7. The Temporary Receiver is authorized to commence a marketing process and enter into an agreement for the sale of the Owned Property; provided however, that the terms of any such sale of the Owned Property, including, without limitation, the purchase price therefor, shall be subject to further Order of this Court.

8. The Temporary Receiver is authorized to effectuate any Program Lease terminations and/or Program Lease surrenders required in connection with the Transition Plan and may cease making all further payments under any and all Program Leases, including without limitation, any Clinical Program Lease and Housing Program Lease, after the Effective Date. Notwithstanding anything to the contrary set forth in the Termination Agreements or herein, the Providers shall not be liable for lease termination claims with respect to any Program Leases.

9. All costs incurred from and after the Effective Date in connection with the wind-down and closure of such Housing Programs shall be the responsibility of the Providers.

10. Notwithstanding anything to the contrary set forth herein or in the Termination Agreements, the implementation of the Transition Plan and the transition of the

4

Transferred Programs to the Providers shall not subject the Providers to any successor liability claims and the Providers shall not be deemed a successor of, or successor in interest to, Narco.

11. From and after the Effective Date, the Providers shall: (i) be responsible for all obligations and liabilities that arise under or are otherwise associated with the Agency Program Contracts, Agency Program Services and Agency Operating Certificates, in connection with the Newly Assigned Programs or Transferred Programs (as the case may be); and (ii) have such responsibility for the Program Leases as set forth in the Termination Agreements.

12. The Temporary Receiver shall post a copy of the form of Notice to Residents attached hereto as Exhibit A in all of the appropriate Freedom Houses, in a high-visibility location in one or more common areas, within seven (07) days of the entry of this Order.

13. Nothing contained herein shall be deemed a violation of the Preliminary Injunction Order, the Receiver Order, the Amended Receiver Order or any other Orders of this Court.

14. Effective as of 12:00 a.m. September 22, 2015, the provisions of the Preliminary Injunction Order shall be terminated and no longer in effect.

15. The Temporary Receiver is hereby authorized to take such other actions as are necessary and appropriate to implement the Transition Plan and perform post-transition and wind-down work.

5

3483997v.6

16. The Temporary Receiver shall develop a plan for the retention of Narco's business records, in consultation with the Office of the United States Attorney, and shall propose such a plan to the Court on or about October 31, 2015.

SO ORDERED.

Dated: New York, New York
September 1/ 2015

John G. Koeltl
United States District Judge

6

3483997v.6

# EXHIBIT A

## **DRAFT**

### NOTICE TO RESIDENTS

As part of a transition plan for Narco Freedom, Inc. ("Narco"), on July 28, 2015, Narco's "Freedom Houses" were certified on an emergency basis as Supportive Living Residences by the New York State Office of Alcoholism and Substance Abuse Services ("OASAS"). On September __, 2015, the United States District Court for the Southern District of New York approved the transition of Narco's Freedom Houses to other OASAS certified providers.

Effective September 22, 2015, this Freedom House will be operated by Acacia Network. Questions concerning this transition may be directed to:

Kethie Lawrence
Brooklyn Freedom House Program Manager
646-305-2676

I am informed that as part of the transition process, Acacia Network will be visiting this Freedom House to meet with residents and complete an assessment of service and housing needs.

Lori Lapin Jones, Temporary Receiver<br>
for Narco Freedom, Inc.

## DRAFT

### NOTICE TO RESIDENTS

As part of a transition plan for Narco Freedom, Inc. ("Narco"), on July 28, 2015, Narco's "Freedom Houses" were certified on an emergency basis as Supportive Living Residences by the New York State Office of Alcoholism and Substance Abuse Services ("OASAS"). On September __, 2015, the United States District Court for the Southern District of New York approved the transition of Narco's Freedom Houses to other OASAS certified providers.

Effective September 22, 2015, this Freedom House will be operated by Samaritan Village. Questions concerning this transition may be directed to:

Alicia Mcfarlane Esq., MS
Vice President, Corporate Compliance
Samaritan Village
Alicia.mcfarlane@samaritanvillage.org
718-704-1359

I am informed that as part of the transition process, Samaritan Village will be visiting this Freedom House to meet with residents and complete an assessment of service and housing needs.

> Lori Lapin Jones, Temporary Receiver
> for Narco Freedom, Inc.