**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────────
**UNITED STATES OF AMERICA,**

                **Plaintiff,**          14 Cv. 8593 (JGK)

       - against -               **MEMORANDUM OPINION AND ORDER**

**NARCO FREEDOM, INC.,**

                **Defendant.**
────────────────────────────────────────
**JOHN G. KOELTL, District Judge:**

The Court received the Temporary Receiver's request to pay accrued vacation time and personal days to former employees on September 25, 2015. This Court reviewed the objections filed by Gerald Bethea, Alan Brand, Jonathan Brand, and Jason Brand and held a hearing on the Temporary Receiver's application and other issues on October 7, 2015. Pursuant to this Court's order, the Temporary Receiver filed supplemental documentation, supporting the application on October 16, 2015.

The Court approved the Temporary Receiver's request in the accompanying Order Granting Application of Temporary Receiver to Pay Accrued Vacation Pay to Employees of Narco Freedom, Inc. The Court approved the Temporary Receiver's application to pay vacation and accrued time of up to 8 weeks. The Temporary Receiver provided the necessary factual record to support the application and to explain the reasonableness of the application. See F.T.C. v. Fortune Hi-Tech Mktg., Inc., No.

CIV.A. 13-123-KSF, 2013 WL 4495829, at *3 (E.D. Ky. Aug. 20, 2013) ("[T]he Receiver must make "a prima facie case in support of the requested award." (quoting In re Blackwood Assoc., L.P., 165 B.R. 108, 111 (Bankr. E.D.N.Y. 1994)). None of the responses to the motion provide a basis to deny the Temporary Receiver's request for authorization to pay vacation pay to former employees.

By letter dated October 13, 2015, the Fuchsberg Law Firm outlined partial objections to the Temporary Receiver's application on behalf of former employees of Narco Freedom who were terminated between July 28, 2015 and September 21, 2015. Dkt. No. 283. In a second letter, dated October 16, 2013, the former employees clarified that they do not oppose the application to pay up to 8 weeks of vacation pay. Dkt. No. 289. The employees have represented that they will continue to discuss the possibility of additional payments above the 8-week limit with the Temporary Receiver and if necessary, may file a separate application at a later date. The Temporary Receiver is presently only authorized to pay up to 8 weeks of vacation pay. The Court's approval of the Temporary Receiver's application does not foreclose the employees' ability to seek further payment from the Temporary Receiver.

Gerald Bethea, a former employee of Narco Freedom, filed a response to the Temporary Receiver's application on October 19,

2015. Dkt. No. 294. Bethea does not oppose the payment of 8 weeks of vacation pay to the former employees. Rather Bethea opposes the 8-week limit and also opposes the Temporary Receiver's proposal to reserve 8 weeks of vacation pay for Bethea along with the fund reserving the vacation pay for four other former members of Narco Freedom's management. Pursuant to this Court's order approving the Temporary Receiver's application, a reserve will be created for Bethea to cover vacation pay for 8 weeks, placing Bethea in the same position as other former employees except for the fact that his 8 weeks of vacation pay is being held in reserve. The vacation pay will be kept in reserve along with the vacation pay for four other employees. Bethea is under indictment, and it is wholly reasonable for the Temporary Receiver to keep Bethea's vacation pay in reserve because possible claims between Bethea and Narco Freedom have not been adjudicated.

   The Court also received a letter dated October 20, 2015, from counsel for Alan Brand. There is nothing in the letter that suggests that the Temporary Receiver should not be authorized to pay up to 8 weeks of vacation pay to former employees. While the letter indicates that the Court would entertain briefing by counsel for Jason Brand and Alan Brand, that briefing was not in opposition to the payment of 8 weeks of vacation pay to other employees, but rather concerns specific issues affecting

payments to Jason Brand and Alan Brand. No party has advanced a reasoned objection to granting the Temporary Receiver's current application.

The accompanying order approving the Temporary Receiver's application does not bar any of the interested parties from seeking payment above the 8-week limit.

**SO ORDERED.**

**Dated:**     New York, New York
              October 21, 2015

                                        _____/s/_____
                                          John G. Koeltl
                                  **United States District Judge**